NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| SOCCER CENTERS, LLC, | : | |
| Plaintiff, | : | Civil Action No. 17-1024 (ES) (MAH) |
| v. | : | MEMORANDUM |
| LAURA ZUCHOWSKI, et al., | : | |
| Defendants. | : | |

**SALAS, DISTRICT JUDGE**

This matter arises from the denial by the United States Citizenship and Immigration Services (the "USCIS") of Plaintiff's petition requesting that it be allowed to employ 10 nonimmigrant temporary soccer coaches. Plaintiff is in the business of providing soccer training and soccer education to teams and players in New Jersey. Plaintiff requested the coaches to come to the U.S. from the Netherlands to provide coaching for youth soccer leagues from February 2017 to November 2017. Plaintiff sought to employ 10 such foreign workers using H-2B visas.

But the USCIS denied Plaintiff's petition for the requested 10 nonimmigrant workers. Plaintiff claims that this will cause irreparable harm. Accordingly, Plaintiff seeks a writ of mandamus requiring the USCIS to withdraw its denial and issue a new decision.

Given the alleged time-sensitive nature of Plaintiff's application, the Court writes primarily for the parties and provides its disposition in this Memorandum in summary fashion. Indeed, the parties are well aware of—and do not seem to dispute—the underlying facts and

relevant procedural history. After careful consideration of the parties' submissions[1], the Court must DENY Plaintiff's request for mandamus relief.

## I. Background

On November 21, 2016, Plaintiff Soccer Centers, LLC ("Plaintiff" or "Soccer Centers") sought an H-2B temporary labor certification for 10 soccer coaches from the Department of Labor. (D.E. No. 1-2, Exh. 1).[2] On December 19, 2016, the Department of Labor issued a notice of certification, thereby granting Plaintiff's application seeking a temporary labor certification under the H-2B temporary program for 10 soccer coaches (*Id.*). On December 20, 2016, Plaintiff filed a petition (using an I-129 form) with the USCIS—a sub-agency within the Department of Homeland Security—seeking H-2B classification for 10 foreigners from the Netherlands to work as soccer coaches from February 2017 to November 2017. (D.E. No. 1-2, Exh. 2).

On January 9, 2017, the USCIS informed Plaintiff that its initial evidence did not establish a need for the requested number of H-2B workers for the requested period and the USCIS requested additional evidence. (D.E. No. 1-2, Exh. 3). On January 12, 2017, the USCIS received a response from Plaintiff that included additional evidence. (*Id.*). On January 26, 2017, the USCIS denied Plaintiff's petition. (*Id.*).

On February 15, 2017, Plaintiff brought the instant action, requesting (among other things) that this Court: "Issue a writ of mandamus ordering USCIS to withdraw its denial and issue a new decision as required by the statute and regulations"; "Declare that USCIS's denial of

---

[1] No oral argument was held pursuant to Federal Rule of Civil Procedure 78(b).

[2] 8 U.S.C. § 1101(a)(15)(H)(ii)(b) provides, in relevant part, that: "The term 'immigrant' means every alien except an alien . . . having a residence in a foreign country which he has no intention of abandoning who is coming temporarily to the United States to perform other temporary service or labor if unemployed persons capable of performing such service or labor cannot be found in this country . . . ."

Plaintiff Soccer Center's Petition for Nonimmigrant Worker (Form I-129) is unlawful"; and "Order USCIS to grant Plaintiff's Petition for Nonimmigrant Worker, thereby allowing the temporary nonimmigrant workers that Soccer Centers needs to apply for their H-2B visas." (D.E. No. 1 at 9-10).

Also on February 15, 2017, Plaintiff sought an order to show cause as to why a writ of mandamus should not be issued, which would require that (i) the January 26, 2017 decision issued by the USCIS be withdrawn and (ii) the USCIS to issue a new decision within 7 days approving Plaintiff's petition or providing reasons why the petition cannot be granted in full or in part. (*See* D.E. No. 1-1). Plaintiff's application was accompanied by a brief, as well as supporting exhibits and declarations. (*See* D.E. No. 1-2).

Given the alleged time-sensitive nature of Plaintiff's application, the Court set an expedited briefing schedule. (*See* D.E. No. 3). Thereafter, the Court received briefs from the Government on March 1, 2017 and March 10, 2017 (*see* D.E. Nos. 8 & 12) and briefs from Plaintiff on March 2, 2017 and March 14, 2017 (*see* D.E. Nos. 10 & 14).

The Court has considered all of these submissions, as well as the accompanying exhibits and declarations.

## II.   Relevant Law

### A.  Mandamus Relief

"A writ of mandamus is a drastic remedy that is available in extraordinary circumstances only." *In re West*, No. 17-1112, 2017 WL 775828, at *1 (3d Cir. Feb. 28, 2007) (per curiam) (citing *In re Diet Drugs Prods. Liab. Litig.*, 418 F.3d 372, 378 (3d Cir. 2005)); *see also In re Mendez*, 653 F. App'x 158, 159 (3d Cir. 2016) ("Mandamus cannot serve as a substitute for an appeal.") (citation omitted) (per curiam). "The extraordinary remedy of mandamus under 28

U.S.C. § 1361 will issue only to compel the performance of a clear nondiscretionary duty." *Pittston Coal Grp. v. Sebben*, 488 U.S. 105, 121 (1988) (citation and quotation marks omitted); *see also Heckler v. Ringer*, 466 U.S. 602, 616 (1984) ("The common-law writ of mandamus, as codified in 28 U.S.C. § 1361, is intended to provide a remedy for a plaintiff only if he has exhausted all other avenues of relief and only if the defendant owes him a clear nondiscretionary duty.").

Thus, "[b]efore a writ of mandamus may issue, a party must establish that (1) 'no other adequate means [exist] to attain the relief he desires,' (2) the party's 'right to issuance of the writ is clear and indisputable,' and (3) 'the writ is appropriate under the circumstances.'" *Hollingsworth v. Perry*, 558 U.S. 183, 190 (2010) (per curiam) (quoting *Cheney v. U.S. Dist. Court. for D.C.*, 542 U.S. 367, 380-81 (2004)).

### B. The Administrative Procedure Act (the "APA")

The APA provides, in relevant part, as follows:

> To the extent necessary to decision and when presented, the reviewing court shall decide all relevant questions of law, interpret constitutional and statutory provisions, and determine the meaning or applicability of the terms of an agency action. The reviewing court shall--
>
> (1) compel agency action unlawfully withheld or unreasonably delayed; and
>
> (2) hold unlawful and set aside agency action, findings, and conclusions found to be--
>
>> (A) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;
>>
>> (B) contrary to constitutional right, power, privilege, or immunity;
>>
>> (C) in excess of statutory jurisdiction, authority, or limitations, or short of statutory right;

> (D) without observance of procedure required by law;
>
> (E) unsupported by substantial evidence in a case subject to sections 556 and 557 of this title or otherwise reviewed on the record of an agency hearing provided by statute; or
>
> (F) unwarranted by the facts to the extent that the facts are subject to trial de novo by the reviewing court.
>
> In making the foregoing determinations, the court shall review the whole record or those parts of it cited by a party, and due account shall be taken of the rule of prejudicial error.

5 U.S.C. § 706.

Importantly, "a claim under § 706(1) can proceed only where a plaintiff asserts that an agency failed to take a *discrete* agency action that it is *required to take*." *Norton v. S. Utah Wilderness Alliance*, 542 U.S. 55, 64 (2004) (emphasis in original).

### III. Discussion

Plaintiff relies on 28 U.S.C. § 1361[3] and the APA (i.e., 5 U.S.C. § 706(1)) for its requested relief. (*See* D.E. No. 1 ¶ 18; D.E. No. 1-2 at 2-3; D.E. No. 10 at 4 n.1).

Before this Court can issue a writ of mandamus, Plaintiff must establish the following: (1) no other adequate means exist to attain the relief it desires, (2) Plaintiff's right to issuance of the writ is clear and indisputable, and (3) the writ is appropriate under the circumstances. *See Hollingsworth*, 558 U.S. at 190. As is well established, a writ of mandamus is a drastic remedy that is available in extraordinary circumstances only—and mandamus cannot serve as a substitute for an appeal. *In re Diet Drugs Prods. Liab. Litig.*, 418 F.3d at 378-79. For the following reasons, the Court cannot grant mandamus relief here.

---

[3] 28 U.S.C. § 1361 provides that: "The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."

First, another adequate remedy at law exists. "The general principle which governs proceedings by *mandamus* is, that whatever can be done without the employment of that extraordinary writ, *may not be done with it*. It lies only when there is practically *no other remedy*." *Helstoski v. Meanor*, 442 U.S. 500, 505 (1979) (emphasis in original) (citation and quotation marks omitted). Indeed, the "common-law writ of mandamus, as codified in 28 U.S.C. § 1361, is intended to provide a remedy for a plaintiff only if he has exhausted all other avenues of relief." *Heckler*, 466 U.S. at 616.

Here, judicial review of the USCIS's final agency action is reviewable under 5 U.S.C. §§ 704, 706(2)(A).[4] In its January 26 decision, the USCIS set forth that, in the last four years, Plaintiff exhibited a pattern of requesting a validity start date, but then certain foreign workers would not obtain visas for months after the requested start date. (*See* D.E. No. 1-2, Exh. 3). In addition, the USCIS expressed a concern relating to Plaintiff's roster of monthly events, noting that—although Plaintiff seeks coaches for the period between February 2017 and November 2017—Plaintiff's monthly events are consistent throughout the year. (*See id.*).

It is apparent that Plaintiff is disappointed and disagrees with the USCIS's decision denying its petition. (*See, e.g.*, D.E. No. 1 ¶ 3 ("Soccer Centers seeks only a writ of mandamus requiring USCIS to withdraw its unlawful denial and issue a new decision . . . ."); *id.* ¶ 15 ("In denying Soccer Center's H-2B petition, USCIS has changed a prior pattern and practice of adjudication, under which USCIS would issue full approvals under the circumstances presented in this case, without a reasonable basis for changing such pattern and practice.")). In other words, Plaintiff seeks a merit-based review of the USCIS's decision. But there exists a mechanism to challenge that decision pursuant to 5 U.S.C. §§ 704, 706(2)(A).

---

[4] Plaintiff appears to concede that the USCIS's January 26, 2017 decision is subject to review under 5 U.S.C. § 706. (*See* D.E. No. 10 at 4 n.1).

Second, even if the Court were to accept that the first requirement was met, the Court is simply unconvinced that Plaintiff has a clear and indisputable right to the relief it seeks. "To have a 'clear and indisputable' right to the issuance of the writ under § 1361, the petitioner must show that he is owed 'a legal duty which is a specific, plain ministerial act devoid of the exercise of judgment or discretion.'" *Volcy v. United States*, 469 F. App'x 82, 84 (3d Cir. 2012) (quoting *Richardson v. United States*, 465 F.2d 844, 849 (3d Cir. 1972)).[5] After all, the "common-law writ of mandamus, as codified in 28 U.S.C. § 1361, is intended to provide a remedy for a plaintiff only if he has exhausted all other avenues of relief *and only if the defendant owes him a clear nondiscretionary duty.*" *Heckler*, 466 U.S. at 616 (emphasis added).

Here, the USCIS issued its decision pursuant to its authority provided by 8 U.S.C. §§ 1184(a)(1) and (c)(1). And the USCIS may deny the petition in its entirety pursuant to 8 C.F.R. § 214.2(h)(9)(i)(A) and 8 C.F.R. § 214.2(h)(10)(i). Plaintiff's reliance on the Department of Labor's certification falls short because, under 8 C.F.R. § 214.2(h)(1)(ii)(D) and 8 C.F.R. § 214.2(h)(6)(iii)(A), that certification is not binding on the USCIS. Under these circumstances, the Court cannot grant mandamus. *See Pittston Coal Grp.*, 488 U.S. at 121 ("The extraordinary remedy of mandamus under 28 U.S.C. § 1361 will issue only to compel the performance of a *clear* nondiscretionary duty." (emphasis added) (citation and quotation marks omitted)).

---

[5] *See also Nationwide Ambulance Servs., Inc. v. Sebelius*, No. 11-5213, 2013 WL 4776048, at *4 (D.N.J. Sept. 3, 2013) ("The mandamus remedy is limited to enforcement of a specific, unequivocal command, or the ordering of a precise definite act about which an official has no discretion whatever. A nondiscretionary duty is a legal duty which is a specific, plain ministerial act that is devoid of the exercise of judgment or discretion. An act is ministerial only when its performance is positively commanded and so plainly prescribed as to be free from doubt.") (internal citations and quotation marks omitted).

Finally, to the extent that Plaintiff asserts an independent, emergent claim under the APA (even though one is not explicitly set forth in Plaintiff's complaint), the Court finds that any such claim is deficient at this time.

> 5 U.S.C. § 706 provides, in relevant part, that:
>
> The reviewing court shall—
>
> (1) compel agency action unlawfully withheld or unreasonably delayed; and
>
> (2) hold unlawful and set aside agency action, findings, and conclusions found to be—
>
> > (A) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law . . . .

A claim under 5 U.S.C. § 706(1) can proceed only "where a plaintiff asserts that an agency failed to take a *discrete* agency action that it is *required to take*." *Norton*, 542 U.S. at 64.

Here, the Court agrees with Defendants that the USCIS's January 26, 2017 decision—although unfavorable to Plaintiff—is nevertheless a discrete agency action that the USCIS issued consistent with its obligations under the relevant law and regulations. To be sure, the Court has reviewed the administrative procedural history and the USCIS's January 26, 2017 decision. Importantly, notwithstanding Plaintiff's allegations to the contrary (*see* D.E. No. 1 ¶¶ 13-14), the USCIS *did* provide reasons for denying Plaintiff's petition in its entirety, which it may do (as discussed above). (*See* D.E. No. 1-2, Exh. 3). As such, the Court finds that the USCIS denied Plaintiff's petition pursuant to its authority provided by 8 U.S.C. §§ 1184(a)(1) and (c)(1), as well as 8 C.F.R. § 214.2(h)(9)(i)(A) and 8 C.F.R. § 214.2(h)(10)(i).

This Court "can compel the agency to act, but has no power to specify what the action must be." *Norton*, 542 U.S. at 65.[6] Here, the USCIS has acted: it issued the January 26, 2017 decision (i.e., a discrete agency action) with reasons for denying Plaintiff's petition in its entirety (which it may due pursuant to 8 C.F.R. § 214.2(h)(9)(i)(A) and 8 C.F.R. § 214.2(h)(10)(i)). Tellingly, although the Government cited the Supreme Court's *Norton* case and its standard for a claim under 5 U.S.C. § 706(1) in its opposition brief (*see* D.E. No. 12 at 13-14), Plaintiff's reply to the Government's opposition is silent on this issue.

Accordingly, the Court must DENY Plaintiff's request for mandamus relief. The Court emphasizes that its decision is driven by Plaintiff's request for the extraordinary remedy of mandamus relief against the backdrop of the USCIS having acted—albeit unfavorably to Plaintiff—consistent with the relevant law and regulations discussed above. The Court is not unsympathetic to the potential effect the USCIS's January 26, 2017 decision may have on Plaintiff's business and, as it has done before (*see* D.E. No. 11), orders the parties to engage in good-faith discussions in an effort to reach a negotiated resolution. An appropriate Order accompanies this Memorandum.

> *s/ Esther Salas*
> **Esther Salas, U.S.D.J.**

---

[6] Although Plaintiff asserts that irreparable harm will occur, it makes no attempt to show how the remaining preliminary-injunction factors would be met. *See Kos Pharm., Inc. v. Andrx Corp.*, 369 F.3d 700, 708 (3d Cir. 2004) ("A party seeking a preliminary injunction must show: (1) a likelihood of success on the merits; (2) that it will suffer irreparable harm if the injunction is denied; (3) that granting preliminary relief will not result in even greater harm to the nonmoving party; and (4) that the public interest favors such relief."). In fact, although the Government highlighted as much in its opposition brief (*see* D.E. No. 12 at 14-15 n.7), Plaintiff's reply to the Government's opposition is silent on this issue. Accordingly, although Plaintiff asserts irreparable harm, its submissions do not suggest an effort to bring a motion for a temporary restraining order or a preliminary injunction.