**Not for Publication**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| SOCCER CENTERS, LLC, | : |
| Plaintiff, | : Civil Action No. 17-1024 (ES) (MAH) |
| v. | : OPINION |
| LAURA ZUCHOWSKI, et al., | : |
| Defendants. | : |

**SALAS, DISTRICT JUDGE**

### I. Introduction

This action is before the Court because a federal agency denied a New Jersey company's visa petition to temporarily permit foreign workers into the United States to perform work. In particular, Plaintiff Soccer Centers, LLC ("Plaintiff" or "Soccer Centers") filed a petition with the United States Citizenship and Immigration Service ("USCIS") under the H-2B visa program seeking ten foreign soccer coaches. USCIS denied that H-2B petition, and this lawsuit followed. Soccer Centers alleges that USCIS violated the Administrative Procedure Act (the "APA") in denying its H-2B petition. The Court addresses the following issue raised by the parties' cross motions for summary judgment (and declines to address other issues at this time given the remedy discussed below).

In its petition, Soccer Centers sought *full* approval for the ten foreign workers. In the alternative, however, it sought *partial* approval—which USCIS may grant under governing regulations. But USCIS does not explain the reasons for denying the alternative request for partial approval. Soccer Centers asserts that this is improper. And when confronted with this

contention in Soccer Centers' moving and reply briefs, Defendants offer no response. The Court must therefore remand to USCIS in accordance with the directive in this Opinion.

Accordingly, as set for the below, the Court GRANTS in relevant part Plaintiff's motion for summary judgment and DENIES Defendants' cross motion for summary judgment.[1]

## II. Relevant Background[2]

### A. The H-2B Visa Program

Under 8 U.S.C. § 1101, "immigrant" means "every alien except an alien . . . having a residence in a foreign country which he has no intention of abandoning who is coming temporarily to the United States to perform other temporary service or labor if unemployed persons capable of performing such service or labor cannot be found in this country." 8 U.S.C. § 1101(a)(15)(H)(ii)(b). This "H-2B visa program—named for the statutory section which authorized its creation—allows United States employers to arrange for the admission of foreign workers ('H-2B workers') into the United States to perform temporary unskilled non-agricultural work." *Comité de Apoyo a los Trabajadores Agricolas v. Perez ("CATA")*, 774 F.3d 173, 177 (3d Cir. 2014) (footnote omitted); *see also La. Forestry Ass'n Inc. v. Sec'y U.S. Dep't of Labor*, 745 F.3d 653, 659 (3d Cir. 2014) ("Named for the statutory section under which it was created, the H-2B program permits U.S. employers to recruit and hire temporary unskilled, non-agricultural workers from abroad to fill positions that no qualified U.S. worker will accept."). The Department of Homeland Security ("DHS") and the Department of Labor ("DOL") "currently administer the H-2B program." *CATA*, 774 F.3d at 177.

---

[1] The Court has jurisdiction to review whether USCIS's denial of the petition-at-issue violates the APA under 5 U.S.C. § 704 and 28 U.S.C. § 1331. Further, the Court resolves the parties' motions without oral argument under Federal Rule of Civil Procedure 78(b).

[2] Facts are undisputed unless otherwise noted. Additional facts are provided elsewhere in this Opinion as relevant to the Court's analysis.

"The authority to administer the H-2B program is vested in the DHS pursuant to section 1184(c) of the [Immigration and Nationality Act of 1952], which directs that '[t]he question of any alien as a nonimmigrant under 8 U.S.C. § 1101(a)(15)(H) shall be determined by the [DHS] after consultation with appropriate agencies of the Government, upon petition of the importing employer.'" *La. Forestry*, 745 F.3d at 659-60 (quoting 8 U.S.C. § 1184(c)(1)) (first alteration added). "The DHS has by regulation designated the DOL as the agency from which it seeks 'advice' in determining whether to grant H-2B visa petitions." *Id.* at 660 (citing 8 C.F.R. § 214.2(h)(6)(iii)).

Accordingly, before "filing an H-2B petition with DHS, an employer must obtain a temporary labor certification from the Secretary of Labor." *CATA*, 774 F.3d at 177 (citing 8 C.F.R. § 214.2(h)(6)(iii)). "That certification constitutes DOL's 'advice' that DHS should grant the requested H-2B visa and must confirm that: (1) qualified workers are not available in the United States to perform the employment for which foreign workers are sought, and (2) the aliens' employment will not adversely affect wages and working conditions of similarly employed United States workers." *Id.* (citing 8 C.F.R. § 214.2(h)(6)(iii)(A), (iv)(A)). "Only after the DOL issues the labor certification may an employer proceed to the second stage of the process: filing an H-2B visa application with the DHS." *La. Forestry*, 745 F.3d at 661. "Although the DOL's labor certification is a prerequisite to obtaining an H-2B visa petition, the authority to grant or deny an H-2B visa petition ultimately rests with the DHS alone." *Id.*; *see also* 8 C.F.R. § 214.2(h)(1)(ii)(D).

"A United States employer seeking to classify an alien as an . . . H-2B . . . temporary employee must file a petition on Form I-129"—i.e., "Petition for Nonimmigrant Worker." 8 C.F.R. § 214.2(h)(2)(i)(A). Form I-129 is reviewed by USCIS—a sub-agency of DHS. *See id.* §

3

214.2(h)(1)(ii)(D), (6)(i)-(6)(iii).[3] This form (which the parties refer to as an H-2B petition) must be accompanied by, among other things, a "Statement of need":

> A statement describing in detail the temporary situation or conditions which make it necessary to bring the alien to the United States and whether the need is a one-time occurrence, seasonal, peakload, or intermittent. If the need is seasonal, peakload, or intermittent, the statement shall indicate whether the situation or conditions are expected to be recurrent.

*Id.* § 214.2(h)(6)(vi)(D).

### B. Plaintiff's H-2B Petition

Soccer Centers is a facility located in northern New Jersey. (D.E. No. 43-2, Defendants' Statement of Material Facts ("Def. SMF") ¶ 1; D.E. No. 44-1, Plaintiff's Response to Defendants' Statement of Material Facts ("Pl. RSMF")[4]). It provides facilities and coaches for soccer clubs in the area. (*Id.*). On "several occasions in the past," Soccer Centers "sought and employed foreign workers as soccer coaches in 'seasonal' temporary H-2B status." (Def. SMF ¶ 2).

On November 21, 2016, Soccer Centers applied for a temporary labor certification with the DOL for ten soccer coaches. (*Id.* ¶ 3). In its application, Soccer Centers represented that the period of intended employment was from February 11, 2017 until November 11, 2017. (*Id.* ¶ 4). On December 19, 2016, the DOL approved the application for a temporary labor certification for the aforementioned dates. (*Id.* ¶ 5).

---

[3] *See also Buquer v. City of Indianapolis*, No. 11-708, 2013 WL 1332158, at *1 (S.D. Ind. Mar. 28, 2013) ("The [Immigration and Nationality Act] empowers the Department of Homeland Security (DHS), the Department of Justice (DOJ), and the Department of State, among other federal agencies, to administer and enforce immigration law. Within DHS, various sub-agencies, including the United States Immigration and Customs Enforcement (ICE), the United States Customs and Border Protection (CCBP), and the United States Citizenship and Immigration Services (USCIS), are tasked with immigration related responsibilities.").

[4] No paragraphs are cited because Plaintiff "does not take issue with any of the items contained in [D]efendant's Statement of Material Facts Not In Dispute." (D.E. No. 44-1).

On December 20, 2016, Soccer Centers filed an H-2B petition with USCIS, seeking H-2B classification for ten foreign nationals to work as soccer coaches. (*Id.* ¶ 6). Its H-2B petition represented that the dates of intended employment would be February 11, 2017 to November 11, 2017. (Certified Administrative Record ("CAR") at 17). On January 4, 2017, USCIS issued a detailed "Request for Evidence," notifying Soccer Centers that it required more evidence to process the H-2B petition. (Def. SMF ¶ 8). On January 12, 2017, Soccer Centers submitted its response to USCIS's Request for Evidence. (*Id.* ¶ 9). On January 26, 2017, USCIS denied the H-2B petition, issuing a notice detailing the reasons for the denial. (*Id.* ¶ 10).

On March 22, 2017, after sua sponte reopening review of the H-2B petition, USCIS issued a Notice of Intent to Deny ("NOID"). (*Id.* ¶ 13). The NOID identified deficiencies and requested Soccer Centers to provide additional evidence of eligibility. (*Id.*). On April 15, 2017, Soccer Centers responded to the NOID. (*Id.* ¶ 14). On June 6, 2017, USCIS denied the H-2B petition, issuing a notice detailing the reasons for the denial. (*Id.* ¶ 15).

**C. USCIS's June 6, 2017 Decision**

Generally, USCIS's June 6 decision has the following sections: (1) a review of the relevant administrative procedural history; (2) a summary of the evidence submitted by Soccer Centers; (3) a discussion concerning Soccer Centers' requested start date of February 11, 2017; (4) a discussion concerning Soccer Centers' "[d]etailed statement of need" required under 8 C.F.R. § 214.2(h)(6)(vi)(D); (5) Soccer Centers' "[h]istory of staggering; and (6) a "[c]losing summary." (*See* CAR at 2-7). USCIS's closing summary provides a succinct explanation of its decision, which the Court reproduces as follows:

> [T]he evidence that you submitted does not demonstrate by a preponderance of the evidence that you have a temporary need starting on February 11, 2017, for the requested 10 full-time soccer coach beneficiaries. The inconsistencies between the claimed period of need and the evidence of contractual obligations requiring coaches raise questions about the credibility of the evidence that you submitted and detract from its weight. In addition, the evidence of visa issuance to beneficiaries in previous years—with a number of visas being issued months after the requested start date—is inconsistent with the requested period of temporary need. Your explanation that these visas were issued late due to the difficulty in finding qualified beneficiaries until later in the summer is not sufficiently supported by the evidence that you submitted, and inconsistencies further detract from the overall credibility of the documentation.
>
> In *Matter of Ho,* 19 I&N Dec. 582 (BIA 1988), the Board of Immigration Appeals held it is incumbent on the petitioner to resolve any inconsistencies in the record by independent objective evidence, and attempts to explain or reconcile such inconsistencies, absent competent objective evidence pointing to where the truth, in fact, lies, will not suffice. Doubt cast on any aspect of the petitioner's proof may, of course, lead to a reevaluation of the reliability and sufficiency of the remaining evidence offered in support of the visa petition.
>
> As a result, you have not provided sufficient evidence to support a statement of need describing in detail the temporary situations or conditions which make it necessary to bring 10 full-time soccer coach beneficiaries to the United States, as required by 8 CFR 214.2(h)(6)(vi)(D). Furthermore, the evidence that you submitted does not establish by a preponderance of the evidence that the start date listed on your I-129 petition and approved [temporary labor certification] actually corresponds to the period of need demonstrated by the evidence, as described in 8 CFR 214.2(h)(6)(iv)(D).
>
> In visa petition proceedings, the petitioner bears the burden of establishing eligibility for the benefits sought. *See Matter of Brantigan,* 11 I&N Dec. 493 (BIA 1966).
>
> Your petition is denied.

(*Id.* at 7).

### D. Brief Procedural History of this Action

On February 15, 2017, Soccer Centers brought the instant action against the following Defendants: Laura Zuchowski ("Center Director of Vermont Service Center"); Lori Scialabba ("Acting Director of United States Citizenship and Immigration Services"); John F. Kelly ("Secretary of Department of Homeland Security"); and the United States of America (collectively, "Defendants"). (D.E. No. 1). Its complaint was accompanied by an application for an order to show cause why a Writ of Mandamus should not be issued requiring that: (1) USCIS's January 26 decision be withdrawn and (2) USCIS issue a new decision approving the H-2B petition or provide reasons why the H-2B petition cannot be granted in full or in part. (*See* D.E. Nos. 1-1 & 1-2). The Court set an expedited briefing schedule (*see* D.E. No. 3) and subsequently issued a decision denying mandamus relief (*see* D.E. Nos. 15 & 16).

On July 14, 2017, Soccer Centers filed an amended complaint in light of USCIS's June 6 denial of its H-2B petition. (*See* D.E. Nos. 29 & 33). In this amended complaint, Soccer Centers stated that it "seeks judicial review of the decision issued on June 6, 2017 and an order holding that the denial of the H-2B petition was arbitrary and capricious, not supported by substantial evidence in the record as a whole, and is otherwise not in accordance with law." (D.E. No. 33 ¶ 3). Thereafter, the parties "agree[d] that the Court can resolve this case based on cross-summary judgment motions" (D.E. No. 35 at 1), and the Court set a schedule for Defendants to produce the Certified Administrative Record and for the parties to file cross motions for summary judgment (D.E. No. 38).

### III. Legal Standard

#### A. Summary Judgment in the APA Context

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "While summary judgment is the proper mechanism for deciding, as a matter of law, whether an agency's action is supported by the administrative record and consistent with the APA standard of review, because the district judge sits as an appellate tribunal in such cases, the usual summary judgment standard does not apply." *Dorley v. Cardinale*, 119 F. Supp. 3d 345, 351 (E.D. Pa. 2015); *see also Byrne v. Beers*, No. 13-6953, 2014 WL 2742800, at *3 (E.D. Pa June 17, 2014) ("In this situation, the administrative agency is the finder of fact, and the district court does not need to determine whether there are disputed facts to resolve at trial.") (citation omitted). And the "APA explicitly directs a reviewing court to 'review the whole record or those parts of it cited by a party.'" *NVE, Inc. v. Dep't of Health & Human Servs.*, 436 F.3d 182, 189 (3d Cir. 2006) (quoting 5 U.S.C. § 706).[5]

In sum, "the district judge sits as an appellate tribunal," and the "'entire case' on review is a question of law." *See Am. Bioscience, Inc. v. Thompson*, 269 F.3d 1077, 1083 (D.C. Cir. 2001); *Dr. Reddy's Labs., Inc. v. Thompson*, 302 F. Supp. 2d 340, 348 (D.N.J. 2003) (same). "Summary judgment thus serves as the mechanism for deciding, as a matter of law, whether the agency action is supported by the administrative record and otherwise consistent with the APA standard of review." *Stuttering Found. of Am. v. Springer*, 498 F. Supp. 2d 203, 207 (D.D.C. 2007).

---

[5] *See also Camp v. Pitts*, 411 U.S. 138, 142 (1973) ("[T]he focal point for judicial review should be the administrative record already in existence, not some new record made initially in the reviewing court.").

8

B. **Judicial Review Under the APA**

The APA provides, in relevant part, that a reviewing court must

> hold unlawful and set aside agency action, findings, and conclusions found to be-- (A) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; . . . (C) in excess of statutory jurisdiction, authority, or limitations, or short of statutory right; . . . (E) unsupported by substantial evidence in a case subject to sections 556 and 557 of this title or otherwise reviewed on the record of an agency hearing provided by statute; . . . .

5 U.S.C. § 706(2). "Agency action is entitled to a presumption of regularity." *Frisby v. U.S. Dep't of Housing and Urban Dev. (HUD)*, 755 F.2d 1052, 1055 (3d Cir. 1985). "The burden of proof rests with the party alleging irregularity." *Id.* "This presumption does not, however, prevent a reviewing court from taking a probing, 'hard look' at the agency's action." *Id.* (citation omitted).

"The arbitrary and capricious standard focuses a court on the agency's process of reasoning." *NVE*, 436 F.3d at 190. The "court looks to whether the agency relied on factors outside those Congress intended for consideration, completely failed to consider an important aspect of the problem, or provided an explanation that is contrary to, or implausible in light of, the evidence." *Id.* (citing *Motor Vehicle Mfrs. Ass'n v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43 (1983)). "Agency action may not be set aside on grounds that it is arbitrary and capricious if the action is rational, based on relevant factors, and within the agency's statutory authority." *Frisby*, 755 F.2d at 1055. "In considering whether agency action is rational, a reviewing court must determine whether the agency considered the relevant data and articulated an explanation establishing a 'rational connection between the facts found and the choice made.'" *Id.* (quoting *Burlington Truck Lines v. United States*, 371 U.S. 156, 168 (1962)).

Finally, the Third Circuit has recognized that "[a] challenge to administrative action under the APA raises a unique set of issues." *NVE*, 436 F.3d at 190. As noted, "[j]udicial review in such suits focuses on the agency's decision making *process*, not on the decision itself." *Id.* (emphasis in original). "A court is not to substitute its judgment for that of the agency in an APA challenge." *Id.* (internal quotation marks, alterations, and citation omitted). But a court "may not supply a reasoned basis for the agency's action that the agency itself has not given." *State Farm*, 463 U.S. at 43 (internal quotation marks and citation omitted).

## IV. Discussion

### A. The Parties' Arguments Relevant to the Issue of Partial Approval

Soccer Centers argues that USCIS may grant partial approval of its H-2B petition. (*See, e.g.*, D.E. No. 44 ("Pl. Reply Br.") at 13 (citing 8 C.F.R. §214.2(h)(9)(i)(A)). It "maintains that where the full number is not granted—and especially in those cases where a petitioner has requested partial approval in the alternative, as Soccer Centers did, *see* CAR [at] 155—USCIS must give a reason for denying partial approval." (*Id.* at 14 (citing 8 C.F.R. §214.2(h)(10))). Soccer Centers asserts that "USCIS's position that it has no duty to provide a reason for its decision denying partial approval has no legal support whatsoever." (*Id.*). Thus, it avers that "USICS has an obligation to explain the reasons for its decision denying partial approval, 8 C.F.R. §214.2(h)(10), and it has failed to do so." (*Id.* at 15; *see also* D.E. 42-1 ("Pl. Br.") at 22 ("Soccer Centers is entitled to a decision approving its H-2B petition in full. If the decision is not granted in full, then Soccer Centers is entitled to a decision explaining why the petition is not approved in part, at least for a lesser number of workers the need for which is undisputed.")).

Defendants contend that "H-2B program regulations use explicit permissive language indicating that an H-2B petition for multiple beneficiaries '*may be denied* in whole or in part.'"

(D.E. No. 43-1 ("Def. Br.") at 27 (emphasis in original) (quoting 8 C.F.R. § 214.2(h)(10)(i))). They maintain that, "[a]fter reviewing an employer's H-2B petition and accompanying evidence, federal regulations explicitly permit USCIS to approve or deny an H-2B petition for multiple beneficiaries in whole or in part." (*Id.*). Defendants argue that, "regardless of the number of foreign worker beneficiaries requested, a petitioner must meet its burden to establish the eligibility for H-2B visa petition approval." (*Id.* at 28 (citing 8 U.S.C. § 1101(a)(15)(H)(ii)(b); 8 C.F.R. § 214.2(h)(6))). And they aver that, because Soccer Centers failed to demonstrate that it has a valid need for all of the requested H-2B temporary workers, then USCIS can deny the petition in whole or in part. (*Id.* (citing 8 C.F.R. §§ 214.2(h)(9)(i)(A), (h)(10)(i))).

### B. Analysis

As noted, the APA explicitly directs this Court to review the whole record—or those parts of it cited by a party. *See NVE*, 436 F.3d at 189 (citing 5 U.S.C. § 706). Further, USCIS's action cannot "be set aside on grounds that it is arbitrary and capricious if the action is rational, based on relevant factors, and within the agency's statutory authority." *See Frisby*, 755 F.2d at 1055 (citation omitted). Notably, however, determining whether USCIS's action is rational requires the Court to determine whether the agency considered the relevant data and *articulated an explanation* establishing a rational connection between the facts found and the choice made. *See id.*

The governing regulations permit USCIS to grant partial approval of Soccer Centers' H-2B petition. *See* 8 C.F.R. § 214.2(h)(9)(i)(A) ("A petition for more than one beneficiary and/or multiple services may be approved in whole or in part."); *id.* § 214.2(h)(10) ("Denial of petition-- (i) Multiple beneficiaries. A petition for multiple beneficiaries may be denied in whole or in part."). And Soccer Centers expressly sought the following alternative relief: "if full approval is

not granted in this case, at least partial approval of a majority of the requested H-2B positions is appropriate." (CAR at 155). In fact, Defendants acknowledge this request in their cross summary-judgment motion. (*See* Def. Br. at 27 (citing CAR at 155)).

But the problem is Defendants fail to identify where in USCIS's June 6, 2017 decision—or anywhere else in the administrative record—USCIS provided reasoning for rejecting Soccer Centers' alternative request for partial approval. Instead, Defendants appear to misconstrue Soccer Centers' argument and assert that "[n]othing entitles the petitioner to a whole or partial visa petition approval." (*See* Def. Br. at 28). That is not Soccer Centers' argument. In fact, Soccer Centers stated as much in its reply brief: "Plaintiff's argument was that USCIS is authorized to grant partial approval, and if USCIS denies partial approval then it must state the reasons for the denial." (Pl. Reply Br. at 14). And Soccer Centers' position appears to comport with governing authority. *See* 8 C.F.R. § 214.2(h)(10) ("Denial of petition-- (i) Multiple beneficiaries. A petition for multiple beneficiaries may be denied in whole or in part. (ii) Notice of denial. *The petitioner shall be notified of the reasons for the denial . . . .*") (emphasis added).

Tellingly, however, Defendants offer no response to Soccer Centers' assertion that USCIS must state the reasons for denial of partial approval. (*See generally* D.E. No. 45 ("Def. Reply Br.")). Nor does it appear that they could based on the administrative record. In short, the Court is left without a process of reasoning to review concerning USCIS's decision to deny Soccer Centers' alternative request for partial approval. *Cf. Sprint Nextel Corp. v. FCC*, 508 F.3d 1129, 1132 (D.C. Cir. 2007) (stating that, under the APA, "[w]e . . . require more than a result; we need the agency's reasoning for that result").

Accordingly, the Court must find that USCIS's denial of Soccer Centers' alternative request for partial approval is arbitrary and capricious for failing to set forth an explanation. *See*

*Shukhrat v. Sec'y, U.S. Dep't of Homeland Sec.*, 634 F. App'x 880, 883 (3d Cir. 2015) ("An action is arbitrary and capricious if the agency failed to examine the relevant data and articulate a satisfactory explanation for its action including a rational connection between the facts found and the choice made.") (internal quotation marks and citations omitted).[6] To be sure, the Court is mindful that it must "uphold a decision of less than ideal clarity if the agency's path may reasonably be discerned." *State Farm*, 463 U.S. at 43 (internal quotation marks and citation omitted). But this is not an instance of less-than-ideal clarity; it is one where ruling in Defendants' favor (regarding partial approval) would require impermissibly "supply[ing] a reasoned basis for the agency's action that the agency itself has not given." *See id.* (internal quotation marks and citation omitted).

### C. The Appropriate Remedy

"If the record before the agency does not support the agency action, if the agency has not considered all relevant factors, or if the reviewing court simply cannot evaluate the challenged agency action on the basis of the record before it, the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." *Fla. Power & Light Co. v. Lorion*, 470 U.S. 729, 744 (1985); *see also I.N.S. v. Orlando Ventura*, 537 U.S. 12, 16-17 (2002) ("Generally speaking, a court of appeals should remand a case to an agency for decision of a matter that statutes place primarily in agency hands. This principle has obvious importance in the immigration context.").

Soccer Centers argues, however, that "this court should order USCIS to grant the H-2B petition so that Soccer Centers can have the soccer coaches it is entitled to at least for the last

---

[6] Given that Soccer Centers advances the arbitrary-and-capricious standard of 5 U.S.C. § 706(2) for its partial-approval argument (*see* Pl. Reply Br. at 14), the Court declines to reach any other basis under Section 706(2) that Soccer Centers has advanced in support of its motion for summary judgment.

several weeks of the soccer season." (Pl. Reply Br. at 18). Its argument is premised on the alleged "difficulty that Soccer Centers faces due to lost contracts and business on account of the months it has taken USCIS to adjudicate this case and the errors the agency has made in the process." (Pl. Br. at 22; *see also* Pl. Reply Br. at 17 ("The 2017 soccer season is rapidly coming to an end. Soccer Centers has already had to cancel contracts and has lost business because of its inability to obtain H-2B soccer coaches.")). Although the Court is mindful of these representations (and commends Soccer Centers' counsel for raising them to this Court and expeditiously litigating this matter), the Court has no choice but to remand in light of the analysis in this Opinion. *See Fla. Power & Light Co.*, 470 U.S. at 744).[7]

Indeed, this Court is remanding to USCIS to conduct additional investigation (if necessary) and provide explanation. In particular, this Court is unable to evaluate from USCIS's June 6, 2017 decision why partial approval is inappropriate. On remand, USCIS should reevaluate its decision denying partial approval and, if it maintains that Soccer Centers is not entitled to partial approval, set forth its reasons for any such adjudication. To be sure, USCIS is free to exercise its discretion to reopen the administrative record, to engage in additional fact-finding, and to reach the same or different adjudication—albeit with reasons for granting or denying Soccer Centers' request for partial approval.

Finally, because the Court is remanding this matter to USCIS for further proceedings—i.e., for additional investigation (if necessary) and an explanation as to whether partial approval of the H-2B petition is appropriate—the administrative record will necessarily change. And because this change could potentially affect judicial review of USCIS's decision relating to its

---

[7] For example, the Third Circuit has stated that a "rare circumstance" where remand would be inappropriate is where an agency "had twice considered the record and there were no additional facts or evidence that could be developed." *Christ The King Manor, Inc. v. Sec'y United States Dep't of Health & Human Servs.*, 673 F. App'x 164, 171 (3d Cir. 2016) (citing *Yusupov v. Att'y Gen. of U.S.*, 650 F.3d 968, 993 (3d Cir. 2011)).

14

denial of full approval, the Court declines to address the propriety of USCIS's decision of complete denial at this time. To that end, nothing in this decision shall be construed to *limiting* further proceedings on remand to only Soccer Centers' request for partial approval; USCIS *may* reconsider its decision denying the request for full approval of the ten foreign workers given the Court's decision to remand and Soccer Centers' arguments in support of its summary-judgment motion.

**V.     Conclusion**

For the reasons set forth above, the Court GRANTS in part Soccer Centers' motion for summary judgment and DENIES Defendants' motion for summary judgment. This matter is REMANDED for additional investigation (if necessary) and an explanation as to whether partial approval of Soccer Centers' H-2B petition is appropriate. An appropriate order accompanies this Opinion.

<u>*s/Esther Salas*</u>
**Esther Salas, U.S.D.J.**